United States District Court
Southern District of Texas

**ENTERED**

April 01, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DERRICK D. O'BRYANT, SR., | § | |
| (Inmate # 6497), | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-1442 |
| | § | |
| MEGAN COLEY,[1] | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Derrick D. O'Bryant, Sr., (Inmate #6497), is currently detained in the Walker County Jail. He filed a civil rights action under 42 U.S.C. § 1983 against Megan Coley, who is the parole officer who filed documents to initiate the revocation of his parole. (Dkt. 1). O'Bryant's action is dismissed with prejudice for the reasons explained below.

## I.    BACKGROUND

O'Bryant is currently detained in the Walker County Jail based on allegations that he violated his parole in several underlying state-court criminal cases. *See* Search Our Records, https://portal-txwalker.tylertech.cloud (visited Mar. 31, 2026).

---

[1] O'Bryant's handwriting makes it unclear whether the defendant's last name is "Coley" or "Cohey." Based on other documents in the case, it appears to the Court that her proper last name is "Coley." The Court will therefore use that spelling in this order.

In his civil-rights complaint, O'Bryant alleges that Coley "implemented the process of a revocation hearing without proper violations" and "conspired with law enforcement by irrational malicious acts." (Dkt. 1, p. 4). In an attached letter, O'Bryant contends that Coley lied under oath about the alleged violations. (Dkt. 1-1, p. 1). As relief, he seeks money damages to compensate for "mental health damages." (Dkt. 1, p. 4).

## II.   LEGAL PRINCIPLES

### A.   Actions Under 42 U.S.C. § 1983

O'Bryant brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, the plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element, which requires

2/ 7

action "under color of state law," means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

**B.    The Prison Litigation Reform Act**

The Prison Litigation Reform Act, which governs O'Bryant's action, requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to

3/ 7

relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a prisoner's complaint, the Court must construe all allegations "liberally in favor of the plaintiff," "take[] all facts pleaded in the complaint as true," and consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). If it does not, the complaint must be dismissed, even before service on the defendants. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.    *Pro Se* Pleadings

O'Bryant is proceeding *pro se* in this action. Pleadings filed by *pro se* litigants are not held to the same stringent and rigorous standards as pleadings filed by lawyers and instead must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). But even under a liberal construction, *pro se* plaintiffs "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (footnotes omitted).

4/ 7

## III.    DISCUSSION

O'Bryant fails to state an actionable § 1983 claim against Coley for two reasons. First, state parole officers enjoy absolute immunity for actions for damages arising from their participation in the proceedings necessary to revoke parole. *See, e.g., Littles v. Bd. of Pardons & Paroles Div.,* 68 F.3d 122, 123 (5th Cir. 1995); *Woods v. Chapman,* 239 F. App'x 35, 37 (5th Cir. 2007) (per curiam); *Hunter v. Rodriguez,* 73 F. App'x 768, 769 (5th Cir. 2003) (per curiam). "Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles,* 68 F.3d at 123.

As O'Bryant's parole officer, Coley is entitled to absolute immunity from claims arising from her actions in supervising O'Bryant and taking steps to revoke his parole. He may not obtain an award of money damages against her based on any actions she may have taken to initiate and prosecute the revocation of his parole. His claim must be dismissed for seeking relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Second, even if Coley was not protected by absolute immunity, O'Bryant is not entitled to an award of money damages because he has not alleged a physical injury. The PLRA requires a prisoner to allege facts showing that he suffered a physical injury before he can recover for mental or emotional injuries. 42 U.S.C. § 1997e(e); *see also Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999). The

5/ 7

required physical injury does not need to be significant, but it must be more than *de minimis*. *Siglar,* 112 F.3d at 193. "Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger*, 404 F.3d at 375.

O'Bryant's complaint does not allege that he suffered any physical injury. Instead, he seeks money damages for only mental health injuries. He therefore fails to state a claim upon which relief can be granted, and his action must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. O'Bryant's civil-rights action, (Dkt. 1), is **DISMISSED** with prejudice as frivolous and for failure to state a claim.

2. Any pending motions are **DENIED as moot.**

3. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List

6/ 7

Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____ *Mar 31* _____, 2026.


_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

7/ 7